NEWMAN, Circuit Judge,
concurring.
I join the court’s decision, for neither the Patent Act nor the Administrative Procedure Act provides a cause of action in which third persons may challenge the revival by the PTO of an application that was deemed abandoned for failure to meet a filing date.
I write separately to address the concerns raised in Judge Dyk’s concurring opinion, in which he criticizes the court’s ruling in Aristocrat Technologies Australia PTY Ltd. v. International Game Technology, 543 F.3d 657 (Fed.Cir.2008). With all respect to my colleague, I do not share the view that Aristocrat was wrongly decided.
In Aristocrat the defendant in an infringement suit argued that the PTO erroneously revived Aristocrat’s Patent Cooperation Treaty application (which was one day late), and sought invalidity on that ground. This court stated that the PTO’s revival of an application “is neither a fact or act made a defense by title 35 nor a ground specified in part II of title 35 as a condition for patentability.” 543 F.3d at 663. The court explained:
If any prosecution irregularity or procedural lapse, however minor, became grist for a later assertion of invalidity, accused infringers would inundate the courts with arguments relating to every minor transgression they could comb from the file wrapper. This deluge would only detract from the important legal issues to be resolved — primarily, infringement and validity..

Id.

The Patent Act is explicit as to the grounds for challenges to issued patents; these grounds do not include challenge to PTO discretionary actions in revival of deemed-abandoned applications. A PTO decision to excuse a tardy filing is not a statutory ground of invalidity or defense to infringement under 35 U.S.C. § 282, nor is it a ground on which third persons can initiate and participate' in post-issuance disputes, see Chapter 30 (prior art citations and requests for reexamination), Chapter 31 (inter partes review), and Chapter 32 (post-grant review). Rather, it is an irregularity in prosecution that “becomes irrelevant after the patent has issued.” Magnivision, Inc. v. Bonneau Co., 115 F.3d 956, 960 (Fed.Cir.1997); see also Norian Corp. v. Stryker Corp., 363 F.3d 1321, 1324 (Fed.Cir.2004) (“[T]he presumption of validity is not subject to being diluted by ‘procedural lapses’ during prosecution.”). The patent statutes are specific as to-legislative intent, and do not ex *1354 tend to “prosecution irregularities and procedural lapses.” Aristocrat, 543 F.3d at 663. The Supreme Court in Block v. Community Nutrition Institute, 467 U.S. 340, 104 S.Ct. 2450, 81 L.Ed.2d 270 (1984), discussed the principles of challenge to administrative actions, and summarized:
Whether and to what extent a particular statute precludes judicial review is determined not only from its express language, but also from the structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved.
467 U.S. at 345, 104 S.Ct. 2450. The recently enacted America Invents Act (AIA), which provides new mechanisms for third party attacks on issued patents, did not change the principle that internal PTO procedures are not subject to third party collateral attack.
The Court stated in Block: “In a complex scheme of this type, the omission of such a provision is sufficient reason to believe that Congress intended to foreclose [the action].” 467 U.S. at 346, 104 S.Ct. 2450. The statute concerning filing schedules under the Patent Cooperation Treaty was recently amended to remove the requirement that delay be unavoidable, see 35 U.S.C. § 371(d) (2013), demonstrating legislative knowledge of the issue decided in Aristocrat. However, Congress made no new amendments to the scope of infringement defenses available in the district courts. Aristocrat warrants stability, not judicial taint as “problematic.”
Judge Dyk correctly points out that there are areas in which “a non-listed defense has been recognized by courts,” cone. op. at 1355, citing cases in which antitrust violation, patent misuse, and shop right have been recognized as defenses to patent infringement. With all respect, my colleague errs in stating that such major substantive issues, each of which is a traditional defense, “cannot be so easily distinguished” from an excuse for a missed filing date. Cone. Op. at 1356. If judges cannot easily distinguish the significance of antitrust violation from a missed date, we must try harder.